IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WANDA ROSADO, Individually and on behalf of others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION FILE NO. _____ |
| MORGAN & MORGAN ATLANTA PLLC, MORGAN & MORGAN ATLANTA MANAGEMENT, INC. and JUSTIN MILLER ) ) ) ) ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## **COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Wanda Rosado who files this lawsuit against Defendant Morgan & Morgan Atlanta PLLC, Morgan & Morgan Atlanta Management, Inc., and Justin Miller (hereinafter collectively "Defendants"), and show the following:

## **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for

1

Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

### Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Morgan & Morgan Atlanta PLLC (hereinafter "Morgan & Morgan"), Inc. may be served by delivering a copy of the summons and complaint to its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

5.

Defendant Morgan & Morgan Atlanta Management, Inc. (hereinafter "M&M Management"), Inc. may be served by delivering a copy of the summons and complaint to its attorney, Denise Wheeler, Ford Harrison LLP, 1514 Broadway, Suite 203, Fort Myers, FL 33901.

6.

The unlawful employment practices alleged in this Complaint were

committed within this District at Plaintiff's work location: 191 Peachtree Street NE, Suite 4200, Atlanta, Georgia 30303.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

### *Plaintiff*

7.

Plaintiff has been employed as "case manager" at Morgan & Morgan's Atlanta, Georgia office during the three years prior to the filing of this lawsuit.

8.

Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b).  Plaintiff's signed consent form is filed with this Court contemporaneously with this Complaint.  Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

### *Proposed Collective Definition*

9.

"Plaintiff and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked as "case managers" at Morgan & Morgan's offices within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

*Defendants*

10.

Defendant Morgan & Morgan is a foreign corporation licensed to do business in Georgia.

11.

Defendant M&M Management is a foreign corporation not registered in Georgia that was the payor on Plaintiff's paychecks.

12.

Defendant Justin Miller may be served with process by delivering a copy of the summons and complaint to his work address at 191 Peachtree Street NE, Suite 4200, Atlanta, Georgia 30303.

## **Factual Allegations**

13.

Morgan & Morgan is a law firm with offices located throughout Florida, the Southeast, including Atlanta, and the Northeast.

14.

At all times material hereto, Morgan & Morgan has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

15.

At all times material hereto, Morgan & Morgan had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Morgan & Morgan had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Morgan & Morgan had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

The "goods" referenced in the previous paragraph include, but are not limited to legal services, credit card terminals, telephones, Internet, and facsimile.

19.

In all relevant years, Morgan & Morgan had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

M&M Management is a company performing payroll services for, *inter alia,* Morgan & Morgan's Atlanta office.

21.

At all times material hereto, M&M Management has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

22.

At all times material hereto, M&M Management had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, M&M Management had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, M&M Management had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

The "goods" referenced in the previous paragraph include, but are not limited to payroll services, credit card terminals, telephones, Internet, and facsimile.

26.

In all relevant years, M&M Management had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

At all times for three years prior to the filing of the instant complaint, Defendants have employed "case managers" at Morgan & Morgan.

28.

At all times for the three years prior to the filing of the instant complaint, Defendants have misclassified all "case managers" working at Morgan & Morgan as "exempt" under the FLSA.

29.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required "case managers" to have any specialized training. "Case managers" were required merely to provide updates to clients, send

letters of representation, coordinate with investigators and review files with attorneys.

30.

Plaintiff worked over forty hours in some weeks she worked for Defendants.

31.

Plaintiff Wanda Rosado started working as a case manager at Morgan & Morgan in September 2012. She earned a salary of $44,720 per year until her resignation in August 2014.

32.

Plaintiff estimates that she worked an average of 45 hours per week during her employment at Morgan & Morgan.

33.

Because Defendants misclassified Plaintiff, Defendants did not pay Plaintiff and the FLSA Collective one-and-a-half times their regular rate of pay when Plaintiff and the FLSA Collective worked over forty hours in a given workweek.

34.

Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as exempt, and accordingly failed to pay these

individuals overtime at the required rate under the Fair Labor Standards Act.

35.

Defendant Justin Miller is an attorney at Morgan & Morgan's Atlanta office.

36.

Defendant Justin Miller had discretion over Plaintiff's working hours, employment status, and overtime compensation.

37.

Defendant Justin Miller acted both directly and indirectly in the interest of Morgan & Morgan and was in a supervisory position over Plaintiff.

38.

Morgan & Morgan is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

39.

M&M Management is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

40.

Defendant Justin Miller is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

41.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

42.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiffs.

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

43.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

44.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully request that this Court:

(A)   Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)　Enter judgment awarding Plaintiff and the FLSA Collective unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)　Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D)　Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 12th day of May, 2015.

           **THE SHARMAN LAW FIRM LLC**

           /s/ Paul J. Sharman
           PAUL J. SHARMAN
           Georgia State Bar No. 227207

           The Sharman Law Firm LLC
           11175 Cicero Drive, Suite 100
           Alpharetta, GA 30022
           Phone: (678) 242-5297
           Fax: (678) 802-2129
           Email: paul@sharman-law.com

           Counsel for Plaintiffs